The Bank of British North America, Appellant, *v.* Richard Delafield, Respondent.

*Special question submitted to a jury — error in the admission of evidence, when disregarded — admissibility of entries in books of account — requests to the court to find facts and that the jury be directed to find as to them, distinguished.*

In case special questions are submitted to the jury upon the trial of an action, pursuant to sections 1187 and 1188 of the Code of Civil Procedure, which embrace all the material issues of fact, and are answered, rulings upon questions of evidence not relevant to the findings submitted are to be disregarded on appeal, and so are the exceptions to refusals to charge, unless the requests are germane to the questions submitted.

Entries in books of account against the interest of the persons making or authorizing them are competent against such persons, but self-serving declarations made by some of the partners after the dissolution of the firm of which they are members, are incompetent evidence as against a partner who has withdrawn from the same.

There is a difference between asking a court, upon the trial of an action, to rule that a fact is established and requesting the court to instruct the jury to find whether such fact is established.

Van Brunt, P. J., dissenting.

Appeal by the plaintiff, The Bank of British North America, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 8th day of June, 1893, upon the verdict of a jury upon a special question of fact submitted to it, rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 22d day of May, 1893, denying the plaintiff's motion for a new trial made upon the minutes.

December 31, 1883, William T. Coleman, Frank S. Johnson and Carleton C. Coleman, of San Francisco, and Richard Delafield, of New York, executed a contract by which they became partners under the firm name of William T. Coleman & Co., for the purpose of transacting a general mercantile and commission business in San Francisco and New York.  The articles provided:

" This co-partnership is to remain in force for one (1) year and to be continued thereafter from year to year on same terms and conditions, unless some one of the partners shall wish to withdraw from the partnership or desire a change of terms, in which event he must give written notice of such desire at least sixty (60) days before the

end of the year, or before the time the change is desired, that the remaining partners may agree as to the future, according to the terms nineteenth and twentieth."

· The firm continued in business until December 31, 1887, when Delafield withdrew from the firm, and the business was thereafter continued under the same firm name by the San Francisco partners until May seventh, when they made a general assignment for the benefit of their creditors. The firm had two places of business, one in San Francisco and the other in New York, Delafield being in charge of the New York office. The firm kept an account with the Bank of New York National Banking Association, and on the 31st day of December, 1887, Delafield drew a check against this bank account, signed by the firm name, for $25,000, which was paid, he receiving the avails thereof. Sometime after January, 1888, the firm took the position that the $25,000 so withdrawn from the bank by Delafield was a loan from the firm to him, which he agreed to pay on demand, and April 26, 1888, the firm assigned its claim against Delafield arising from this check to the Bank of British North America, which brought the present action against him to recover that sum on the theory that it was a loan.

The defendant by his answer admits that he drew from the bank $25,000 on the 31st of December, 1887, by means of the check, but alleges that it was not a loan, but was a sum which he was entitled to draw from the firm.

Whether the sum taken was loaned by the firm or was taken by the defendant as part of its assets, was the principal question of fact litigated on the trial. At the close of the evidence the court, with the assent of the counsel for the litigants, submitted to the jury this question: "When the defendant drew from the funds of the firm of William T. Coleman & Co. the sum of $25,000 on the 31st day of December, 1887, was it as an acceptance of the offer of Wm. T. Coleman to loan him $25,000 contained in the telegram of December 12, 1887, and reaffirmed in the letter of December 13, 1887, so that the firm of William T. Coleman & Co. loaned and the defendant borrowed that sum from the said firm, and the said sum of money was drawn by the defendant with the intention of appropriating that sum on account of amount coming to him from the co-partnership when about terminating?"

The jury answered the question in the negative, and thereupon the court directed a general verdict for the defendant, to which direction no exception was taken. A motion was made on the minutes for a new trial, was denied, and an order was entered. Afterwards a judgment was entered on the verdict, and the plaintiff has appealed from the order and the judgment.

*Hugh L. Cole,* for the appellant.

*John E. Parsons,* for the respondent.

FOLLETT, J. :

Neither party requested that any question of fact other than the one embraced in the finding be submitted to the jury, and no objection was raised to the form of the finding. The only questions involved in this appeal are: (1) Was the answer to the question contrary to the weight of evidence? (2) Were errors committed in the reception or rejection of evidence? (3) Did the court err in refusing to charge the jury that the plaintiff might recover in case the defendant was not entitled, under the state of the accounts, to withdraw $25,000 from the firm's assets on the 31st of December, 1887, even though a loan was not contemplated? The evidence shows that the defendant charged $25,000 to himself on the books of the firm as a partnership item on the day the money was drawn, and that December 31, 1887, January 31, 1888, February 29, 1888, March 31, 1888, and May 10, 1888, trial balances, showing the state of the accounts of the New York office on those dates, were rendered, which included the item of $25,000 as a charge against the defendant in the partnership accounts. Whether the trial balance of December 31, 1887, was sent to San Francisco does not definitely appear, but those subsequently rendered were mailed. The new firm, of which the defendant became a member, acted as the agents of William T. Coleman & Co. until their failure, and it does not appear that the $25,000 was asserted by the firm of William T. Coleman & Co. to be a loan to the defendant, instead of an item between partners to be adjusted on accounting, until April, 1888. The defendant testified that the $25,000 was not taken as a loan, and there is little evidence to support the contention that it was agreed between the firm and the defendant that the sum was to be

loaned to him. Neither of the partners who continued in the firm was sworn in respect to the transaction, and the only evidence that a loan was ever contemplated is derived from defendant's telegram to William T. Coleman of December 11, 1887, and the telegram in reply, dated the next day, and William T. Coleman's letter of December 13, 1887. Coleman said in his telegram and letter : " Will not, cannot consent to anybody drawing one dollar beyond necessities of living until after liability is liquidated, but will lend you the money if you can negotiate it without interfering with our needs and regular business. Our payables precede any other consideration." Nowhere in the correspondence is there a distinct and unequivocal offer to loan defendant $25,000 or any other sum. It may be that the evidence may have authorized an inference that this advance was considered as a loan, but it does not require that such an inference should be drawn by the jury, and, we think, as the question of fact was fairly submitted by the court to the jury, that the answer to the question should not be set aside as against the weight of evidence.

In case special findings are submitted to a jury (pursuant to sections 1187 and 1188 of the Code of Civil Procedure) which embrace all the material issues of fact and are answered, rulings upon questions of evidence not relevant to the findings submitted are to be disregarded on appeal and so are the exceptions to refusals to charge, unless the requests are germane to the questions submitted. It often happens on trials, before the true issue is developed, that irrelevant evidence of a nature likely to affect a general verdict is received over the objection and exception of one of the litigants, but if the special finding submitted excludes the incompetent evidence from the consideration of the jury the error is not a ground for a new trial. (Thomp. Tr. § 2699.) One of the objects of submitting a special finding is to prevent juries from returning verdicts on their general notions of right and wrong, often influenced by irrelevant evidence or by the arts of skillful counsel, and to compel them to determine whether the facts on which the right to recover depends, do or do not exist.

This brings us to the consideration of the two rulings on the admissibility of evidence, which, it is urged, are erroneous. The firm kept a set of books at San Francisco in which considerable sums were charged against the defendant after he had withdrawn from

the firm.   These entries were not authorized by him, nor were they made with his knowledge, nor was it proved that all of the items charged were just as between the defendant and the firm.   It is apparent, without discussion, that these entries made by the San Francisco partners were not competent against the defendant upon the issue whether it was agreed that the sum withdrawn December 31, 1887, was a loan.   Entries against the interest of the persons making or authorizing them are competent against such persons, but self-serving declarations made by some of the partners after the dissolution of the firm were incompetent as against the defendant.

Before the plaintiff rested evidence was received which, it is asserted, tended to show that nothing was coming from the firm to the defendant on the 31st of December, 1887.   In answer to this defendant was permitted to introduce in evidence, over the plaintiff's objection and exception, a telegram dated San Francisco, November 11, 1886, signed William T. Coleman & Co., and received at New York, stating that the profits of the firm for that year were $325,000.   It is clear that this evidence was not relevant to the issue whether more than a year afterwards the defendant borrowed $25,000 of the firm, and it could not have affected the jury in their consideration of this issue.   These are all of the objections relating to the admissibility of evidence which are discussed by the plaintiff.

The plaintiff insists that there were two material issues of fact which were not submitted to the jury.   (1) Was there a balance exceeding $25,000 due plaintiff from the firm ?   (2) Was it out of that balance that defendant drew the specific sum which is the basis of this action ?   The plaintiff did not request the court to submit either question to the jury, and took no exception to the direction of the general verdict.   On the contrary, the plaintiff requested the court to charge (fifteenth request) that defendant was indebted, December 31, 1887, to William T. Coleman & Co., in the sum of $27,210.99.   Asking the court to rule that a fact is established is quite different from requesting the court to instruct the jury to find whether such fact is established.

The court ruled that if the transaction were a loan the plaintiff was entitled to recover, but if not, it was not entitled to recover. The plaintiff preferred several requests, couched in different terms, but all based on the theory that the plaintiff would be entitled to

recover if the defendant, at the time he drew the $25,000, was indebted to the firm instead of having a credit therewith.

These requests were refused, and the plaintiff excepted. In this there is no error. As before stated, the jury did not find, nor was it asked to find whether the defendant drew more from his firm than he was entitled to draw. The only evidence bearing on this question is found in the trial balances and accounts based on the estimated value of the firm's assets and the amount of its liabilities. It is common knowledge that the results shown by such balances and accounts are not often realized when the assets are converted into money and the liabilities are discharged. There was no evidence from which it could have been found how much the defendant will be indebted to or entitled to draw from the firm, when all of the assets shall be converted into cash and the liabilities paid off. The evidence does not disclose the state of the accounts of the other partners, and so it was impossible for the jury to find as a fact, or for the court to decide as a matter of law, what the defendant's interest was in the firm on the 31st of December, 1887.

It should be borne in mind that this is a strictly legal action brought to recover a sum of money alleged to have been loaned by the plaintiff's assignor to the defendant. It was tried on that theory, and the plaintiff was beaten on the question of fact which it tendered, and it now seeks to recover on the theory that the defendant was indebted to the firm in more than the sum claimed, and that in equity he ought to pay it over to the plaintiff. How much the defendant is indebted to the firm, of which he was a member, or to his late partners, cannot be ascertained until there is a final accounting, and if then it shall appear that he is indebted it would seem more equitable that his liabilities to the late firm should be applied to the payment of the debts of that firm, and not in payment of the debts of the new firm of which he was not a member, and which became insolvent. It seems to us that the learned trial judge apprehended the true question of fact in the case and correctly decided every legal question presented to him.

The judgment and order should be affirmed, with costs.

PARKER, J., concurred; VAN BRUNT, P. J., dissented.

Judgment and order affirmed, with costs.